Nov. Term,
1848.

THE STATE
v.
DAILEY.

The STATE on the Relation of FLOOD *v.* DAILEY and Others.

Debt on the bond of a justice of the peace, for money which a judgment-defendant paid to the justice on a judgment obtained against him by the relator, and which the justice refused to pay over on demand. The relator, after proving that the justice had admitted that the judgment was paid, but without saying to whom, offered to prove the following: that, after the rendition of the judgment, the judgment-defendant showed the witness a receipt which he said the justice had given him; that, afterwards, he asked the justice whether the judgment had been paid, and whether he gave such receipt, and that the justice answered affirmatively. The Court would not permit this evidence to be given. *Held,* that the evidence was admissible, not to prove the contents of the receipt, but that the jury might take it into consideration in determining whether the justice was the person to whom the money was paid, or not.

Saturday,
December 23.

ERROR to the *Franklin* Circuit Court.

SMITH, J.—Debt on the bond of a justice of the peace. Breach, that *Flood,* on the 10th of *October,* 1837, had recovered a judgment before the justice against one *Pettit* for 42 dollars and 50 cents and costs; that *Pettit,* on the 12th of *March,* 1838, paid the amount of the judgment to the justice; that, on the 13th of *March,* 1838, *Flood* demanded payment of the justice, which was refused, &c.

The defendants filed three pleas, one of which was, that no such money came to the hands of the justice. The cause was submitted to the Court, who found for the defendant and rendered judgment accordingly.

By a bill of exceptions it appears that the plaintiff, after proving the recovery of the judgment as stated in the declaration, and that the justice had admitted the same was paid but did not state whether it had been paid to him or not, produced a competent witness by whom he offered to prove that, some time after the rendition of the judgment, the judgment-defendant showed the witness a receipt which the said judgment-defendant said the justice had given him, and that a few days afterwards the witness saw the justice and asked him whether the judgment had been paid and whether he had given such receipt, to both which questions the justice answered affirmatively. This evidence was offered to show that the amount of the

judgment which the justice admitted was paid had been paid to him, as the witness did not recollect that the justice, at the time he stated it was paid, said it was paid to him. The Court would not permit this evidence to be given, which is the only error assigned.

We think this evidence, so far as it went to prove the admission by the justice that the judgment was paid, and that he had given a receipt for it to the judgment-defendant, was, under the circumstances of the case, admissible. The object does not appear to have been to give the contents of the receipt in evidence. An admission by the justice that the judgment had been paid and that he had received the money, would, certainly, have been competent testimony. His acknowledgment that it had been paid and that he had receipted for the money to the judgment-defendant, approaches so nearly to the same signification, that a jury might properly have taken it into consideration with the view of determining whether the justice was or was not the person to whom the money was in fact paid.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*G. Holland*, for the defendants.